

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:04-Cr-458-T-26MSS

HOLVIN RIVERA

## PLEA AGREEMENT

A. **Particularized Terms**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Paul I. Perez, United States Attorney for the Middle District of Florida, and the defendant, Holvin Rivera, and the attorney for the defendant, Mark Rankin, Assistant Federal Public Defender, mutually agree as follows:

1. Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with knowingly persuading, inducing, enticing and coercing or attempting to persuade, induce, entice or coerce, an individual under eighteen years of age to engage in any sexual activity for which any person can be charged with a criminal offense, by using a facility and means of interstate commerce, that is, a computer, with access to the Internet.

2. Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of five (5) years up to a maximum term of thirty (30) years imprisonment. The Court

Defendant's Initials _____  AF Approval _____

may impose a fine of up to $250,000.00. The Court may also impose a term of supervised release of not more than five (5) years. A special assessment of $100 per felony count, said special assessment will be due on the date of sentencing.

3. Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First: That the Defendant knowingly used a computer to persuade, induce, entice or coerce or attempt to persuade, induce, entice or coerce an individual under the age of eighteen (18) to engage in sexual activity, as charged;

Second: That the Defendant believed that such individual was less than eighteen (18) years of age;

Third: That if the sexual activity had occurred, the Defendant could have been charged with a criminal offense under the law of Florida; and

Fourth: That the Defendant acted knowingly and willfully.

4. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the

Defendant's Initials _____                2

time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

6. Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other

Defendant's Initials _LR_            3

matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7. Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of

Defendant's Initials _LR_  4

defendant's cooperation shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

8. Cooperation - Responsibilities of Parties

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2) The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

Defendant's Initials _LJR_          5

(3) The government may use against the defendant its own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(4) The defendant will not be permitted to withdraw the guilty plea to that count to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to the count to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

9. <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of real and/or personal property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense to which defendant is pleading guilty to. The assets to be forfeited include, but are not limited to,

Defendant's Initials         6

cash, stocks, bonds, certificates of deposit, personal property, and real estate. The assets to be forfeited specifically include, but are not limited to, the following:

(1) one generic personal computer with no identifying serial or model numbers, seized from defendant's apartment by consent on July 19, 2004.

The defendant further agrees to fully assist the government in the recovery and return to the United States any assets or portions thereof as described above wherever located. The defendant further agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. The defendant agrees and consents to the forfeiture of assets pursuant to any federal criminal, civil, and/or administrative forfeiture action brought to forfeit these properties. Defendant agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. The defendant hereby waives any double jeopardy challenges that the defendant may have as to any forfeiture actions arising out of the course of conduct that provides the factual basis for the indictment in this case. The defendant hereby waives any double jeopardy challenges that the defendant may have to the charges in this indictment based upon any forfeiture actions.

Defendant's Initials _LR_  7

The defendant hereby waives any constitutional claims that the defendant may have that the forfeiture of the aforementioned assets constitutes an excessive fine.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

10. <u>Abandonment of Property - Computer Equipment</u>

The United States of America and defendant hereby agree that any computer equipment as defined in Title18, United States Code, Section 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to Title18, United States Code, Sections 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence,

Defendant's Initials _____    8

contraband, or fruits of the crime for which he has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of:

(1) one generic personal computer with no identifying serial or model numbers, seized from defendant's apartment by consent on July 19, 2004.

B. **Standard Terms and Conditions**

1. Special Assessment and Fine

On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from

Defendant's Initials _N/R_    9

imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(b)(4)(A), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

Defendant's Initials _____        10

4.  Sentencing Guidelines and Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and the sentencing guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant agrees to have defendant's sentence determined under the sentencing guidelines, waives any constitutional challenge to the sentencing guidelines, waives indictment and trial by jury on all findings for sentencing, and stipulates that the Court may make all findings for sentencing and may make those findings by a preponderance of the evidence based upon any reliable evidence, including hearsay. Defendant understands that the Court is required to consider any applicable sentencing guidelines but may depart from these guidelines under some circumstances. Defendant acknowledges that defendant and defendant's attorney have discussed the sentencing guidelines and defendant understands how the guidelines are applicable to defendant's case. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding the potential application of the sentencing guidelines to defendant's case and any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, and regardless of the guidelines calculated by the Court, defendant will not be

Defendant's Initials _____  11

permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentencing guidelines or sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5. <u>Appeal of Sentence; Waiver</u>

The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on the ground that the sentencing guidelines are in any respect unconstitutional, on the grounds that any fact found by the Court for sentencing was not alleged in the indictment, was not admitted by the defendant, was not found by a jury, was not found beyond a reasonable doubt, or was found based upon evidence not admissible under the Federal Rules of Evidence, and on any other ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except in the following situations: (a) an upward departure by the sentencing judge; (b) a sentence above the statutory maximum; or (c) a sentence in violation of other law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the

Defendant's Initials _HR_                12

sentence imposed, as authorized by 18 U.S.C. § 3742(b), then, except for the waiver of appeal on the grounds that the sentencing guidelines are in any respect unconstitutional and on the grounds that any fact found by the Court for sentencing was not alleged in the indictment, admitted by the defendant, found by a jury, or found beyond a reasonable doubt, the waiver of which will remain in force, the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. Filing of Agreement

This agreement shall be presented to the Court, in open court and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind other than the concessions contained herein, and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense to which defendant is pleading guilty and the elements thereof, including

Defendant's Initials _/R_  13

the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel. The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. Defendant knowingly and voluntarily waives any rights defendant has under federal law to a jury determination of any fact affecting defendant's sentence. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel, defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offense to which defendant has pleaded and, if said offense is a felony, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those facts beyond a reasonable doubt:

Defendant's Initials _____    14

## FACTS

Between June 1, 2004 and July 19, 2004, Holvin Rivera, then age 34, communicated by computer via the Internet, in an online *Yahoo!* chat room and offline *Yahoo!* messaging with an individual named "Kendra" he believed was a 14-year-old girl. The communications on the computer through *Yahoo!* were in interstate commerce as the *Yahoo!* server, through which the communications passed, was located in California. The defendant was actually communicating with an undercover FBI task force agent posing as "Kendra" -- the 14-year-old girl. During the communications between Rivera and the agent, Rivera, who indicated he was 34, was advised by "Kendra" that she was 14. During the online chat conversations, Rivera persuaded, induced and enticed and attempted to persuade, induce, and entice the individual he believed was a 14-year-old girl to have sexual intercourse with him, which activity would have been a criminal offense under Florida law. After his last chat communication with "Kendra" on July 19, 2004 in which Rivera made arrangements to meet with "Kendra" to engage in sexual activity, Rivera arrived at the designated location in Tampa, at which time he was arrested. Subsequent to his arrest, Rivera gave FBI agents consent to enter his apartment in Largo, Florida to seize the computer he used to communicate with "Kendra." The computer was a generic personal computer with no identifying serial or model numbers.

10.   **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no

Defendant's Initials _HR_                    15

other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by or has been read to the defendant and that defendant fully understands its terms.

DATED this 6th day of January, 2005.

PAUL I. PEREZ
United States Attorney

HOLVIN RIVERA
Defendant

By: JEFFREY S. DOWNING
Assistant United States Attorney

MARK RANKIN
Assistant Federal Public Defender
Attorney for Defendant

ROBERT T. MONK
Assistant United States Attorney
Deputy Chief, General Crimes